**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-11218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARK PAUYO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-48-ALL

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Clark Pauyo was convicted of possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Pauyo appeals the district court's denial of his pretrial motion to suppress. He argues that his detention following the initially valid traffic stop was unconstitutionally prolonged and that his consent to the search of his tractor-trailer was not valid.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review findings of fact made by a district court on a motion to suppress for clear error and the district court's ultimate conclusions on Fourth Amendment issues de novo, viewing the evidence in the light most favorable to the prevailing party, in this case, the Government. *See United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003). We evaluate the legality of a traffic stop and a subsequent search under the familiar test of *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc).

Pauyo contends that Trooper Lancaster's actions were not reasonably related in scope to the traffic stop, that his suspicions were not reasonable, and that after the decision was made to issue a warning, the continued detention was unreasonable. Contrary to Pauyo's assertion, Trooper Lancaster's request for documentation and questioning concerning the purpose and itinerary of Pauyo's trip were within the scope of his investigation and did not extend the duration of the stop. *See Brigham*, 382 F.3d at 508-11. Moreover, based on the officer's experience with commercial vehicles, the information he obtained from Pauyo's log book and the bills of lading, and Pauyo's demeanor and reluctance to answer routine questions, Trooper Lancaster had a reasonable and objective suspicion that Pauyo was engaged in illegal activity. Trooper Lancaster's actions were justified as a graduated response to emerging facts, were reasonable under the totality of the circumstances, and did not unconstitutionally extend Pauyo's detention. *See id.* at 506-09.

With regard to Pauyo's consent to the search of the tractor-trailer, we review the district court's finding that his consent was voluntary for clear error. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The voluntariness inquiry turns on the evaluation of six factors. *United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993). The district court found that (1) an absence of coercive police tactics, (2) Pauyo's intelligence, experience, and ability to speak and understand English, and (3) Pauyo's belief that no incriminating evidence

would be found weighed in favor of a finding that he voluntarily gave his consent to the search. Because no single factor is dispositive and because there were sufficient facts that together support the voluntariness of Pauyo's consent, there is no clear error. *See Solis*, 299 F.3d at 436 & n.21.

AFFIRMED.